### BIEMANN v. WHITE.

Where a party purchases a strip of land separated by a ditch from the main tract of his vendor, pays the purchase money, takes possession, and cultivates it as his own, but receives no title deed, his possession is sufficient notice to a subsequent purchaser actually ignorant of this equitable title.

Before KERSHAW, J., Oconee, November, 1883.

This was an action by H. D. A. Biemann against W. B. White for the recovery of a strip of land lying between the old run of Conneross Creek and a ditch cut for said creek. It was commenced September 16, 1881. By consent the issues were heard by the court. In rendering the judgment stated in the opinion, the Circuit Judge said :

As between the parties to this alleged agreement, there can be no question, upon proper proof of the agreement, that the defendant could set up and maintain such defence and have his equitable title perfected. This is equally true as between the defendant and any purchaser from Robert Mathewson, with notice of the equitable claim of defendant, even though such purchaser had paid a full consideration for the land. Upon the evidence of the plaintiff, he purchased the land in dispute from defendant in good faith for a valuable consideration, and without notice of any claim, equitable or otherwise, in favor of the defendant. This witness further testifies that before his purchase of said land, and in contemplation of purchasing it, he consulted his attorney, and on his examining the records of the proper office, and informing plaintiff that nothing appeared on record to affect the title to the land, except the dower of Mrs. Cobb, widow of Mathewson's grantor, plaintiff bought the land and took titles for the same. The plaintiff further testifies that before the contract of purchase was executed and conveyance taken, he went on and looked over the land.

The defendant to this claim of a *bona fide* purchase for valuable consideration without notice offers no evidence, nor attempts to produce any evidence of actual notice to plaintiff, but relies on constructive notice arising from the possession and cultivation of

the land by the defendant for several years. A number of our decisions hold the principle that "possession is notice" (*Massey* v. *McIlwain*); but in all cases this possession must be of a character to inform the mind of a reasonable man either that such person was actually in possession, or at least must be of a character to put any one about to buy on inquiry.

The facts, as adduced by defendant's own testimony and that of his witnesses, are that the strip or lot of land in dispute adjoins both the lands of defendant and the land purchased by plaintiff. No one lived on the strip of land, but defendant had cultivated it as his own, and paid no rents since the alleged contract of purchase or exchange from Mathewson in 1873. There is no evidence to show that there was any possession of a character to inform the plaintiff or put him on inquiry as to the claim of defendant, and in the absence of proof of this character on the part of the defendant, and upon the proof on the part of the plaintiff, that he, before purchasing the land, resorted to the usual and recognized mode to ascertain the character of the title held by his grantor, I am of opinion the plaintiff should recover the land in dispute, the location and boundaries of which are described in plaintiff's title, as included in the tract conveyed to plaintiff by Robert Mathewson.

*Mr. J. J. Norton*, for appellant.

*Messrs. Keith & Verner*, contra.

October 17, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The contest here is over a small parcel of land located in Oconee County, embracing four acres. It appears that it formerly belonged to one Robert Mathewson, under whom the plaintiff claims, and was a part of a larger tract then owned by the said Mathewson. In 1873, however, the defendant, appellant, purchased this parcel which was separated from the main tract by a ditch carrying the run of Conneross Creek. The defendant at this purchase in 1873 received no titles, but he paid the purchase money, and has been in possession by annual cultivation since his said purchase.

In 1880 Robert Mathewson conveyed to the plaintiff the tract of land to which the parcel in dispute had been attached. It is admitted that at the time of the plaintiff's purchase, he had no knowledge of defendant's possession or claim, equitable or otherwise. It was also in evidence that the plaintiff, before his purchase, went and looked over the land and consulted his attorney as to title; that said attorney examined the records and reported that there was nothing on record to affect the title to the land except a claim of dower. He then bought, and received a conveyance from Mathewson. Under this state of facts, the action below was brought to recover the four acres alleged by plaintiff to be a part of the main tract, and covered by his deed

The case was tried by his honor, Judge J. B. Kershaw, without a jury, who decreed that plaintiff recover the land with damages, by way of rents, to wit, $45.37½, and costs. The Circuit Judge, while recognizing the general doctrine that "possession is notice" in rebuttal of a claim founded upon the principle of *bona fide* purchase for a valuable consideration without notice (*Massey* v. *McIlwain*, 2 *Hill Ch.*, 421), yet failed to apply it here, because, as stated by him, "There was no evidence to show that there was any possession of a character to inform the plaintiff, or put him on inquiry as to the claim of defendant, and in the absence of proof of this character on the part of the defendant, and upon the proof, on the part of the plaintiff, that he, before purchasing the land, resorted to the usual and recognized mode to ascertain the character of the title held by the grantor, he was of the opinion that the plaintiff should recover, and so decreed."

In the recent case of *Sheorn* v. *Robinson* (22 *S. C.*, 32), this court had occasion to examine this doctrine, and it was there determined upon the authority of several cases therein cited, sustained fully by Mr. Pomeroy in his *Equity Jurisprudence*, section 615, upon authority which he cites, that possession of land under a contract of purchase has the full force of a deed recorded as to subsequent encumbrancers and purchasers, and this, too, whether such subsequent purchasers or encumbrancers "had actual notice or not." And in that case this court said: "The ground upon which the recording of a deed operates as notice, whether the fact of record be known or not, is that it is always in

the power of the subsequent purchaser, by searching the records, to ascertain whether or not there has been a previous conveyance; and if he fails to make the necessary examination, it is his fault, and his rights must be determined by the facts within his reach on the subject of the record. So, too, it is an easy matter for a purchaser of land to ascertain at the time of his purchase whether his vendor or some one else is in possession, and if he fails to do so, he should take the consequences." And, further: "One in possession under an equitable title has nothing that he can record, and possession open and unconcealed is the only mode by which he can give notice to the world of his rights," &c.

Here it appears that the defendant purchased in 1873. He went into possession immediately, and has cultivated the land ever since. It was separated from the Mathewson main tract by a distinct ditch. The plaintiff, before purchasing, went over and examined in person the tract under negotiation between himself and Mathewson. He could easily, it seems to us, have inquired of Mathewson as to the boundaries of the land, and especially does it seem that he should have inquired as to the portion which, as we have said, was cut off from the main body by the ditch carrying the run of Conneross Creek. We think that the case of *Sheorn* v. *Robinson, supra,* is conclusive of this case, and we refer to that case and the authorities there cited.

It is the judgment of this court that the judgment of the Circuit Court be reversed.

MR. JUSTICE MCGOWAN concurred.

MR. JUSTICE MCIVER. I concur, because I think the question in this case is concluded by the decision in *Sheorn* v. *Robinson.*

Judgment reversed.